UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRYSTAL NASH and ALEXXI KEEFOVER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DECA DENTAL MANAGEMENT, LLC,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiffs, Chrystal Nash and Alexxi Keefover (collectively, "Plaintiffs"), by and through undersigned counsel, individually and on behalf of all others similarly situated, and hereby allege the following allegations and causes of action against Defendant Deca Dental Management, LLC ("Defendant" or "Deca Dental"), as follows:

### I. STATEMENT OF CASE

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of themselves and all current and former Office Managers ("OMs") who work or worked for Deca Dental within the United States and were classified as exempt from federal and state overtime laws (the "Collective Action Members"). Deca Dental violated the FLSA by misclassifying OMs as exempt from the federal and state overtime laws and thus failing to pay Plaintiffs and other Collective Action Members overtime premium compensation for hours worked over 40 in any workweek.

2. Deca Dental, a Texas limited liability company with headquarters in Dallas, Texas, is a dental support organization that provides administrative and business support services to

approximately 75 dental practices in Texas and Florida. Deca Dental may be served through its registered agent, David Hinton, at 12770 Merit Drive, #850, Dallas, Texas, 75251.

3. Pursuant to corporate policy, Deca Dental classifies its OMs as exempt from overtime pay requirements in contravention of the FLSA, even though Plaintiffs and other OMs primarily perform duties that are non-exempt in nature, including: customer service, sales of services and financing options, helping patients complete financing paperwork, verifying insurance, answering phones, scheduling patient appointments, posting payments, submitting insurance claims, collections work, clerical and data entry duties, and operations duties.

4. Further, Deca Dental has uniformly failed to accurately track or record actual hours worked by exempt-classified OMs. In willful disregard of federal wage and hour law, Deca Dental has failed and refused to pay Plaintiffs and other exempt-classified OMs for all hours worked, including overtime premium pay for hours worked over 40 in a workweek.

5. Plaintiffs seek, on behalf of themselves and other current and former exempt-classified OMs and similarly situated current and former exempt-classified employees employed by Deca Dental, however variously titled, who elect to opt-in to this action pursuant to the FLSA: (i) unpaid wages for all hours worked including those above 40 in a workweek, as required by law, (ii) liquidated damages and/or prejudgment interest, and (iii) attorney's fees and litigation expenses.

## II.     THE PARTIES

6. Chrystal Nash ("Nash") resides in Arlington, Texas. Nash worked at Deca Dental as an OM from approximately December 2018 to October 2019 at Deca Dental's Mansfield, Texas location. Alexxi Keefover ("Keefover') resides in San Antonio, Texas. Keefover worked at Deca

Dental as an OM from approximately August 2016 to June 2018 at multiple Deca Dental offices located in the San Antonio, Texas area.

7. Plaintiffs regularly worked over 40 hours in a workweek for Deca Dental's benefit during their employment as OMs.

8. Pursuant to Deca Dental's policy, pattern or practice, Plaintiffs were not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40 in a workweek.

9. Written consent to join forms for each of the Plaintiffs are attached hereto as Exhibits A and B.

11. Deca Dental employed (or acted in the interest of an employer towards) Plaintiffs and other similarly situated current and former OMs and (directly or indirectly) controlled and directed the terms of employment and compensation of Plaintiffs and other similarly situated current and former exempt-classified OMs.

12. Deca Dental had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former OMs including, without limitation, those terms and conditions relating to the claims alleged herein.

### III.   JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. This Court is also empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

16. At all relevant times, Plaintiffs and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

17. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Deca Dental.

18. Deca Dental is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

19. At all times relevant, Plaintiffs and Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

20. Deca Dental is a covered employee within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

21. Deca Dental is subject to personal jurisdiction in Texas.

22. Deca Dental operates multiple dental practice locations in the Houston, Texas area in and around Harris County.

23. Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendant is a resident of the State in which the Southern District of Texas is located.

### IV.   COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who elect to opt-in to this action who work or have worked for Deca Dental as exempt-classified OMs between March 10, 2017[1] and October 31, 2020 (the "Collective Action Period").

---

[1] The parties entered into an agreement whereby the relevant statute of limitations for Plaintiffs and any OMs who may later join this action were tolled effective March 10, 2020.

25. Plaintiffs and other exempt-classified OMs are similarly situated in that they have substantially similar job duties and are subject to Deca Dental's common compensation policies, patterns, and/or practices, including without limitation Deca Dental's misclassification of OMs as exempt from the protections of the FLSA.

26. The primary job duties of Plaintiffs and the Collective Action Members were non-management in nature as set forth herein. Instead, the performance of non-exempt duties occupied the majority of Plaintiffs' and Collective Action Members' working hours.

27. Pursuant to a centralized, company-wide policy, pattern and/or practice, at various times, Defendant classified all OMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

28. Upon information and belief, Deca Dental did not perform a person-by-person analysis of the job duties of OMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

29. Deca Dental is liable under the FLSA for, inter alia, failing to properly compensate the Collective Action Members. On information and belief, there are at least 150 similarly situated current and former exempt-classified OMs who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated exempt-classified OMs are known to Deca Dental, are readily identifiable, and can be located through Deca Dental's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

30. Plaintiffs and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Deca Dental as exempt-classified OMs.

31. Deca Dental failed to pay Plaintiffs and the Collective Action Members for all hours worked as well as overtime compensation for the hours they worked over 40 in a workweek due to the policy of classifying OMs company-wide as exempt.

32. Deca Dental failed to keep accurate records of all hours worked by Plaintiffs and the Collective Action Members.

33. Throughout the relevant period, it has been Deca Dental's policy, pattern or practice to require, suffer, or permit Plaintiffs and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

34. The work that Plaintiffs and the Collective Action Members have performed was assigned by Deca Dental or Deca Dental was aware of the work they performed.

35. The work and overtime work performed by Plaintiffs and the Collective Action Members constitute compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

36. Deca Dental has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiffs and the Collective Action Members, which was authorized, established, promulgated, and/or ratified by Deca Dental's corporate headquarters. This policy, pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time the Plaintiffs and the Collective Action Members have worked for the benefit of Deca Dental;

   b. willfully failing to keep accurate time records as required by the FLSA or applicable state wage and hour laws;

   c. willfully failing to credit Plaintiffs and the Collective Action Members for all hours worked including overtime hours, consistent with the requirements of the FLSA;

    d.    willfully failing to pay Plaintiffs and the Collective Action Members wages for all hours worked including overtime wages for hours worked in excess of 40 hours per workweek;

    e.    willfully classifying Plaintiffs and the Collective Action Members as exempt despite their primary duties being non-exempt in nature; and

    f.    failing to provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each location, when Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in labor budgets resulted in Plaintiffs and other similarly situated exempt-classified OMs (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform non-exempt duties during their workweeks, without receiving overtime compensation—which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt employees.

37.    As a sophisticated employer operating approximately 75 dental practice locations, Defendant was aware or recklessly disregarded the fact Plaintiffs and other similarly situated exempt-classified OMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any FLSA exemption. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, Defendant acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated OMs as non-exempt employees.

38.    Deca Dental's unlawful conduct has been widespread, repeated, and consistent.

**V.    COMMON FACTUAL ALLEGATIONS**

39. Throughout their employment with Deca Dental, Plaintiffs and Collective Action Members consistently worked more than 40 hours per workweek.

40. Deca Dental was aware that Plaintiffs and Collective Action Members worked more than 40 hours per workweek, yet Deca Dental failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

41. The primary duties of Plaintiffs and Collective Action Members were non-exempt.

42. The tasks that Plaintiffs and the Collective Action Members regularly performed include but are not limited to:

    a. customer service;

    b. sales of services and financing options;

    c. helping patients complete financing paperwork;

    d. verifying insurance;

    e. answering phones;

    f. scheduling patient appointments;

    g. posting payments;

    h. submitting insurance claims;

    i. collections work; and

    j. clerical and data entry duties performing other general customer service related duties.

43. Plaintiffs' and the other Collective Action Members primary job duties did not include:

    a. hiring, firing, promoting, or disciplining other employees;

    b. implementing management policies, practices, and procedures;

      c.      committing Deca Dental in matters having significant financial impact;

      d.      setting employees' wages; or

      e.      determining how many labor hours could be allocated to their locations.

44. Plaintiffs and Collective Action Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

42. Plaintiffs and Collective Action Members did not have the discretion or authority to make any decisions with respect to matters of significance and were required to follow the policies, practices, and procedures set by Deca Dental.  Plaintiffs and Collective Action Members did not have any independent authority to deviate from these policies, practices, and procedures.

43. Regional managers, not OMs were responsible for the overall performance of the dental practice locations.

    **VI.**    **CAUSE OF ACTION**

**<u>Count One</u>**
**Unpaid Overtime Compensation in Violation of the FLSA**
**Plaintiffs and Collective Action Members**

44. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs as if they have been set forth herein.

45. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Deca Dental.

46. Deca Dental has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

47. Deca Dental has failed to pay Plaintiffs and Collective Action Members the overtime wages to which they were entitled under the FLSA.

48. Deca Dental's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Deca Dental has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and Collective Action Members.

49. Because Deca Dental has willfully violated the FLSA, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. As a result of Deca Dental's willful violations of the FLSA, Plaintiffs and Collective Action Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, et seq.

51. As a result of the unlawful acts of Deca Dental, Plaintiffs and Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**VII.   JURY DEMAND**

52. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all triable issues raised by this Collective Action Complaint.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated Collective Action Members, pray for the following relief:

A.   Certification of the FLSA collective allowing notice of this suit to be issued to Plaintiffs and all Collective Action Members;

B.   Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the

employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      C.      Payment of a service award to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the Collective Action Members;

      D.      Pre-judgment interest;

      E.      Attorneys' fees and costs of the action, including expert fees; and

      F.      Such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 23, 2020

                                                Respectfully submitted,

                                                s/Alan L. Quiles
                                                Alan L. Quiles
                                                Texas Bar No. 24075418
                                                aquiles@shavitzlaw.com
                                                Gregg I. Shavitz (to be admitted *pro hac vice*)
                                                gshavitz@shavitlzlaw.com
                                                **SHAVITZ LAW GROUP, P.A.**
                                                951 Yamato Road, Suite 285
                                                Boca Raton, Florida 33431
                                                Tel:   (561) 447-8888
                                                Fax:  (561) 447-8831

                                                ***Attorneys for Plaintiff and the Putative Collective***

# Exhibit A

## CONSENT TO JOIN FORM

      1.     I consent to be a party plaintiff in a lawsuit against Defendant(s), **Deca Dental Group**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*DocuSigned by:*
*Chrystal Nash*
8A375CE665D14DA...
Signature

Chrystal Nash
_____
Print Name

# Exhibit B

# CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), **Deca Dental Group**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Alexxi Keefover
_____
Print Name