United States District Court
Southern District of Texas
**ENTERED**
May 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRYSTAL NASH and ALEXXI KEEFOVER, on behalf of themselves and all others similarly situated, § § § § § § Plaintiffs, § § v. § § DECA DENTAL MANAGEMENT, LLC, § § Defendant. § | CIVIL ACTION NO. 4:20-cv-04346 JURY TRIAL DEMANDED |

### ORDER GRANTING PLIANTIFFS' UNOPPOSED MOTION FOR ONE-STEP APPROVAL OF SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Approval of FLSA Collective Action Settlement and Award of Attorney's Fees (ECF No. X), along with Plaintiffs' Memorandum in Support (ECF No. X) and the Declaration of Alan Quiles (ECF No. X). Having considered the evidence and arguments presented, and the relevant legal authorities, the Court GRANTS the motion, and hereby ORDERS and ADJUDGES as follows:

1. For settlement purposes, the Court finds that members of the proposed settlement collective are "similarly situated" under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Members of the proposed settlement collective raise similar legal issues arising from a common policy or practice alleged to be unlawful under the FLSA. Fairness and procedural considerations, including the number of similarly situated employees covered by the settlement collective and the effectiveness of allowing them to join in the litigation to participate in a common settlement, also weigh in favor of collective action treatment. Accordingly, pursuant to 29 U.S.C. § 216(b), the Court certifies this case as an FLSA collective action for settlement purposes.

2. The Court has no difficulty concluding that the parties' FLSA collective action settlement – negotiated at arm's length by experienced counsel with the assistance of a highly regarded wage-and-hour mediator – fairly and reasonably resolves a bona fide dispute, in light of, among other things, the benefits

accruing to members of the FLSA settlement collective, the information exchanged by the parties, and the complexity, risk, expense and possible length of time of continued litigation. Accordingly, the Court concludes that the parties' FLSA collective action settlement meets the applicable standard for approval under 29 U.S.C § 216(b) as a fair and equitable resolution of a bona fide dispute.

3. The Court approves the proposed service/release payments because they are reasonable and warranted based on the actions that these recipients took over the course of the litigation to protect and advance the interests of others to whom a substantial benefit has been conferred under the settlement.

4. The Court finds that the parties' proposed Notice and plan for distribution and settlement administration include content and utilize a process that is fair, adequate and reasonable for settlement of an FLSA collective action. The Notice is written in clear, concise and easy to understand language. The Notice fairly and accurately explain to eligible collective members their legal rights and options under the settlement. Accordingly, the Court approves the parties' proposed Notice and plan for distribution and settlement administration. The Court also approves the parties' selection of JND Class Action Administration as the settlement administrator.

5. The Court approves the parties' negotiated agreement that plaintiffs' counsel receive as a reasonable attorney's fee one-third (33.3%) of the common fund recovered for the benefit of the FLSA settlement collective, plus reimbursement of their stipulated litigation costs.

6. Without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary and appropriate for the construction and implementation of the terms of the Settlement Agreement.

7. This action is hereby dismissed in its entirety as against defendants with prejudice, and without attorney's fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

8. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

DONE AND ORDERED in Houston, Texas this 27th day of May, 2021.

George C. Hanks Jr
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of Record